## C. C. WILSON, Respondent, *v.* SOUTHERN PACIFIC COMPANY, Appellant.

RAILROADS—CROSSING ACCIDENT—ACTION FOR INJURIES—EVIDENCE
—RES GESTÆ—DAMAGES.

1. In jumping from a wagon struck by a train of cars, plaintiff
was injured, and immediately after, the train having moved,
along, plaintiff walked across the track and said to the
switchman, "who is to blame for this?" who answered:
"It was the engineer. I told him to stop and you to cross."
*Held*, that this conversation was admissible as part of the
*res gestæ*, but not as an admission of the company.

2. When a train and vehicle approach a highway crossing at the
same time, the latter should stop, but the train should not,
by stopping on the crossing or moving backwards and for-
wards, subject the vehicle to unreasonable delay.

3. Proof of expenses incurred by a person injured for necessary
medicine, medical attendance, and nursing may be made
when properly alleged in the complaint, though they have
not been actually paid.

BARTCH, J., dissenting.

(No. 652. Decided April 16, 1896. 44 P. R. 1040.)

Appeal from the district court of the Fourth judicial
district, Territory of Utah. Hon. H. W. Smith, *Judge.*

Action by Charles C. Wilson against the Southern
Pacific Company for damages sustained by a collision
between defendant's train and a wagon in which plaintiff
was riding. From a judgment for plaintiff and from an
order denying a new trial, defendant appeals. *Affirmed.*

*Marshall & Rayle,* for appellant.

In *Louisville & N. R. Co.* v. *Richards*, (13 So. 944), the supreme court of Alabama held that one who undertakes to cross a railroad track without looking for approaching danger from a train, is guilty of such negligence as will prevent recovery for his death from being struck by a train, backing at the rate of three to six miles an hour, where there was no wanton or reckless negligence of the railroad company.

In *Buelow* v. *Chicago, St. P., etc., Ry. Co.* (60 N. W. 617) the supreme court of Iowa held that a person attempting to cross a track without looking, who is struck by cars making a running switch, is guilty of contributory negligence.

In *Mehegan* v. *N. Y. C. & H. R. R. Co.* (19 N. Y. Supp. 444) it is held that one who attempts to cross a railroad track in the rear of a switching train momentarily stopped, without looking, where it is evident to any one looking that it will be immediately set in motion, is guilty of contributory negligence which will prevent recovery for his death caused by the train backing against him.

In *Kennedy* v. *Chicago & N. W. Ry. Co.* (68 Iowa 599) it was held that one acquainted with the situation and movement of trains at the locality of the injury, and who knows that a train is likely to back, who starts with his team across the track, as soon as the crossing is clear by the train's forward movement, and is struck by the backing train, is guilty of contributory negligence, precluding his recovery for the injury.

In *Austin* v. *Chicago, R. I., etc., R. R. Co.* (91 Ill. 135) it was held that one who was well acquainted with the locality where yard engines were employed, who passed over one track, to avoid an approaching train, and passed on to a side track without looking, when he was struck by a yard engine, was guilty of contributory negligence.

13 UTAH—23

In *Lake Shore & Mich. Southern Ry. Co.* v. *Clemens* (5 Ill. App. 77), it was held that a party who was very familiar with a crossing, and with the movement of cars thereat, who attempted to drive between the parts of a train which had opened to allow teams to cross, and was injured by the slack of the train, which caught and pushed his wagon, was guilty of contributory negligence, and could not recover for his injuries.

It is always the duty of a traveler at a crossing to use ordinary care and make vigilant use of his senses to avoid impending danger, and he is not excused therefrom by any irregularity in the running of trains. See cases before cited, and also the following: *Salter* v. *R. R. Co.*, 75 N. Y. 273; *Mitchell* v. *R. R. Co.*, 64 N. Y. 655; *Gorton* v. *Erie Ry. Co.*, 45 N. Y. 660; *Connelly* v. *R. R. Co.*, 88 N. Y. 346; *Pepper* v. *S P. Co.*, 105 Cal. 400; *Chicago, etc , R. R.* v. *Jacobs*, 63 Ill. 178; *Maryland, etc., R. R Co.* v. *Neubeuer*, 62 Md. 391; *Pennsylvania R. R, Co.* v. *Rathgeb*, 32 O. St. 494; *B. & O. R. R. Co.* v. *Whitacre*, 35 O. St. 627; *Pennsylvania R. R. Co.* v. *Sinclair*, 62 Ind. 301; *Terre Haute, etc., R. R. Co.* v. *Clark*, 73 Ind. 163; *McCrory* v. *Chicago, etc., R. R. Co.*, 31 Fed. Rep. 531-2; *Haines* v. *Illinois Central, R. R. Co.*, 41 Iowa 227; *Harris* v. *Minneapolis, etc., R. R. Co , 33 N. W. 122; *Mynning* v. *Detroit, etc., R. R. Co.*, 31 N. W. 147; *Toledo, etc., R. R. Co.* v. *Schuckman*, 50 Ind. 42; *St. Louis R. R. Co.* v. *Matthies*, 50 Ind. 65; *Schofield* v. *Chicago, etc., R. R.*, 2 McCrary 268; *Hearne* v. *S. P. R R. Co.*, 50 Cal. 482; *Fleming* v. *W. P. R. R. Co.*, 49 Cal. 253; *Zeigler* v. *Railroad*, 5 S. C. 221; *Chicago, etc., R.R. Co.* v. *Bert*, 69 Ill. 388; *Chase* v. *Maine Central R. R. Co.*, 78 Me. 349; *Lesan* v. *Maine Central R. R. Co.*, 77 Me. 85; *Schaeffert v. Chicago, etc , R. R. Co.*, 62 Iowa 624; *Hickson* v. *St. Louis, etc., R. R. Co.*, 80 Mo. 335; *Pennsylvania R. R. Co.* v. *Righter*, 42 N. J. L. 180; *Chicago, etc., R. R. Co.* v. *Robinson*, 8 Ill. App. 140; *Pennsylvania R.*

*R. Co.* v. *Beale,* 73 Pa. St. 814; *Reading, etc., R. R. Co.* v. *Richie,* 102 Pa. St. 425.

Where there is controversy, or conflicting evidence as to whether plaintiff could have avoided the injury by the use of ordinary care, instructions, objected to, which ignore the question of contributory negligence of the plaintiff, are ground for a new trial. *Chicago, etc., R. R. Co.* v. *Housh,* 12 Ill. App. 38; *Georgia, R. R. Co.* v. *Thomas,* 68 Ga. 744; *Indianapolis, etc., R. R. Co.* v. *Willisch,* 8 Ill. App. 242; *St. Louis, etc, Ry. Co.* v. *Fullerton,* 45 Ill. App. 618; *McKenna* v. *M. P. R. Co.,* 54 Mo. App. 161; *Baltimore Traction Co.* v. *Ringgold.* 28 Atl. Rep. 397; *Lake Erie, etc., R. Co.,* 26 Ill. App. 632; *Guenther* v. *St. Louis, etc., Ry. Co.,* 95 Mo. 371; *Gamble* v. *Mullin,* 74 Iowa 99; *Sohwenk* v. *Kehler,* 122 Pa. 67.

In an action for an injury, any subsequent narrative of the event, or expression of opinion as to how it occurred, or as to the cause of it, though made shortly after its occurrence, is heresay and inadmissible. *Adams* v. *Hannibal, etc., R. Co.,* 74 Mo., 553; *Missouri P. R. Co.* v. *Ivy,* 71 Tex 409; *Lubin* v. *Hudson River R. R. Co.,* 17 N. Y. 131, 133; *Vassar* v. *Knickerbocker Ice Co.,* 28 Jones & S. 113; 17 N. Y. Supp. 182; *DeSoucy* v. *Manhattan R. Co.,* 15 N. Y. Supp. 108; *Stone* v. *Poland,* 58 Hun. 21; *Tennis* v. *Interstate, etc., Ry. Co.,* 45 Kan. 503; *Alabama G. S. R. Co.* v. *Hawk,* 72 Ala. 112; *Durkee* v. *Central Pac. R. R. Co.,* 69 Cal. 533; *Beasley* v. *S. J. Fruit Packing Co.,* 92 Cal. 388, 392; *St. Louis, etc., Ry. Co.* v. *Sweet,* 57 Ark. 27; *St. Louis, etc., Ry. Co.* v. *Kelly,* 31 S. W. Rep. 884; *Ohio & M. R. Co.* v. *Stein,* 133 Ind. 243; *Williams* v. *Cambridge R. R. Co,* 144 Mass 148; *Tyler* v. *Old Colony R. R. Co.,* 157 Mass. 336; *Mobile & O. R. R Co.* v. *Klein,* 43 Ill. App. 63; *Hellmuth* v. *Katschike,* 35 Ill. App. 21; *T. & H. Pueblo Bldg.* v. *Klein,* 38 Pac. Rep. 608; *Howard* v. *Savannah, etc., R. Co,* 84 Ga. 711; *Roach* v. *Western & A. R. Co.,* 93 Ga. 785; *Citizens St. R. Co.* v. *Stoddard,* 37

N. E. Rep. 723; *Ft. Smith Oil Co.* v. *Slover*, 58 Ark. 168; *Smith* v. *St. Louis, etc., R. R. Co.*, 91 Mo. 58; *Vicksburg & M. R. R. Co.* v. *O'Brien*, 191 U. S. 99; *East Tenn., etc., R. R. Co.* v. *Maloy*, 77 Ga. 237; *Neuromi* v. *Ga. R. R. Co.*, 66 Ga. 57; *Dodge* v. *Childs*, 38 Kan. 526; *Walderle* v. *N. Y, Central, etc., R. R. Co.*, 95 N. Y. 274; *Martin* v. *N. Y., etc., R. R. Co.*, 103 N. Y. 626; *Kelley* v. *Chicago, etc., R. R. Co.*, 88 Mo. 534; *Sullivan* v. *Oregon, etc., Nav. Co.*, 12 Or. 395.

The court erred in excluding proof, as to whether injury was caused to any one remaining in the wagon by the collision complained of.

It is permissible to show that another person similarly situated with the plaintiff was not injured by the accident complained of. *Levy* v. *Campbell*, 20 S. W. Rep. 196.

*Evans & Rogers* and *A. G. Horn*, for respondent.

ZANE, C. J.:

This action was instituted to recover damages in consequence of an injury caused, as alleged, by the negligence of the defendant in controlling a train upon its railway at the point where it crosses Twenty-Fourth street in Ogden City. The case was submitted to a jury, who returned a verdict of $2,065 for the plaintiff. The defendant excepted to the judgment of the court upon the verdict, and to the order refusing a new trial, and appealed to this court, and assigns the same as error. The plaintiff claims that the evidence shows that defendant's negligence caused the injury. This claim the defendant denies, and it alleges that the injury was caused by plaintiff's negligence. It appears that the defendant had a switch at the crossing, and three parallel tracks running east and west across the street at right angles; that plaintiff was riding east upon the street, with one Fielding, his neighbor, who was driving; that Fielding stopped his team before reaching the west track, upon

seeing a train consisting of 14 or 15 cars with an engine attached to the south end standing on the east track across the street, and that the train then moved north; that Fielding then drovē across the west track, when the train moved back across the street, and he stopped again; the train then moved north, and Fielding started his team again; that the train then moved south across the street again, the north car clearing the street about a rod and a half. At this point an important conflict in the evidence is found. The plaintiff and Fielding testified that Dalton, the switchman, signaled, looking in the direction of the engineer, and then turned, and said to Fielding, "Come on"; while Dalton testified that he said to plaintiff, who asked him if they could cross: "No; hold on. The slack of the cars will strike you." It further appears that Fielding started his team across the track immediately after the switchman spoke, and the train came back north; that Fielding tried to rein his horses off the track, and his wagon locked, and the cars struck the wheel, and shoved it from 20 to 25 feet, and then suddenly pulled south again; that the car caught in the harness, and pulled the horses and wagon back 2 or 3 rods, when the harness broke; that when the wagon and team were being pushed, the plaintiff jumped out, and struck his shoulder against the wagon, and severely bruised it. It also appears that the plaintiff was well acquainted with the switchman, and after he got up he walked a few steps to where he was standing by his switch. The plaintiff testified that he then said, "Dal, who is to blame for this?" and that the switchman said: "It was the engineer. I told him to stop, and I told you to go on;" and that he then said: "Dal, did you tell us to go across?" and that he answered, "That is what I did." The switchman testified that the plaintiff walked across to him, but denied the conversation. The plaintiff testi-

fied that this conversation occurred within three minutes after the collision. When the above question had been asked and answered, the defendant entered a motion to exclude both from the jury, but the court denied the motion, and he excepted. This ruling of the court the defendant assigns as error.

Before determining the effect of the evidence upon the issues of fact involved on the trial, it is necessary to decide this error. Defendant's counsel correctly urge that the switchman was not authorized, after the occurrence, to make any admission of negligence on the part of the defendant or of care by the plaintiff. Any narration by him, subsequent to the occurrence, of the facts not made upon the witness stand, was inadmissible. But the acts and declarations of the switchman constituting a part of the *res gestae* were admissible, though given to the jury by a third party. The *res gestae* included the fact that the train stood across the street, and the movement of the cars, and the different attempts of Fielding to cross, and what was said or done by him or the plaintiff, the switchman, or the engineer, during such movements, the jumping from the wagon when it was struck, the fact that the train then moved back; that Fielding drove on, and that plaintiff walked across the track to the switchman, and what they then said, were all so connected as to constitute a part of the transaction, and therefore a part of the *res gestae*. All of these acts and declarations were the immediate expressions of the fears the intentions, and the conflicting purposes brought into play by the occurrences of the occasion, the situations of the respective paries, and their dangers and emergencies, real or apparent. *People* v. *Daniel Kessler*, 44 Pac. 97; *Sullivan* v. *Salt Lake City*, 13 Utah 122, 44 Pac. 1039.

We come now to the question of fact, was there any

proof of negligence on the part of the defendant? The evidence shows that the plaintiff was traveling on a street of Ogden City, a public road, and found defendant's train standing across the street; that the train then moved north of the street; that the team moved across the first track; that the train then moved south across the street; that the team then stopped; that the driver of the wagon, seeing that the car had gone beyond the south line of the street, started again, when the train ran back again across the street, and struck the wagon, before it could get off the track. The engineer must have seen the men in the wagon attempting to cross, yet he continued to run his train backwards and forwards across the street without paying attention to them. The engineer should have given the wagon a reasonable time to cross over after he moved the train off of the street. But, conceding the defendant was guilty of negligence, the defendant insists that the plaintiff was guilty of negligence contributing to the injury. Whether the switchman said to the men in the wagon, "Come on," or "Hold on," presented a question of fact, under the evidence, for the jury to determine. The jurors probably found that he said, "Come on." If they did so find, they certainly were justified that the plaintiff used due care in attempting to cross. But it is said that the plaintiff negligently jumped out of the wagon. The wagon and horses were being pushed by the train when he made the leap. As a prudent man, he may have thought he would be safer on the ground. It was proper for the jury to characterize this act from the evidence.

The defendant's counsel insist that the court erred in stating the relative rights of the parties in the following paragraph of the charge: "Now the law is that upon crossing a highway and of a railroad track the railway

trains have the right of way; that is, they have the right to pass first. The wagon must stop for the railway train to pass, instead of the railway train waiting for the wagon to pass. But this right does not authorize a railway company to continue passing and repassing, and thus exclude wagons from the crossing. The wagon must stop, in the first instance, to permit the train to pass, if one is ready to pass; but the rule does not go so far as to require it to continue to wait for trains to pass and repass upon the same track, or for the same train to do so." The court stated, in substance, that when a vehicle and train approach a crossing at the same time the vehicle should stop, and let the train pass; but the train should not continue to repass so as to prevent the vehicle from crossing afterwards. This was a correct statement of the law upon the point applicable to the facts before the jury. The paragraph embraces two propositions. The first applies to passing trains, the second to trains repassing. The vehicles can stop with less effort and inconvenience than a train, and, generally, time is more important to a train. Both, however, have the right to pass over the crossing. Neither has the right to the exclusive use of it. The railway has no right to obstruct a highway an unreasonable length of time with its trains, either by allowing them to stand on its crossings or by moving backwards and forwards. Persons in the use of either modes of travel have a right to pass without being subjected to unnecessary or unreasonable delay.

The defendant assigns as error the ruling of the court in permitting the physician to testify to his charges against the plaintiff for the surgical and medical treatment he gave him for the injury complained of, it appearing that the bill had not been paid. In view of the fact that charges were claimed as special damages in the com-

plaint, we are of the opinion that the ruling complained of was not erroneous. If the plaintiff became legally bound to pay such amount for the treatment of the wound, caused, as alleged, by defendant's negligence, we are of the opinion that plaintiff was properly allowed to offer evidence to prove it, though it had not been paid at the time of the trial.

The plaintiff also insists that the damages were excessive. If the plaintiff was injured to the extent that his evidence indicates, the verdict would not be excessive. But if the injury was no greater than the defendant's evidence indicates, they would be. In view of the evidence, we do not feel authorized to find that the jury was actuated by passion, prejudice, or any improper motive. We find no error in the record authorizing a reversal of the order or judgment appealed from. The judgment of the lower court is affirmed.

MINER, J., concurs. BARTCH, J., dissents.