THE CONSOLIDATED KANSAS CITY SMELTING AND
REFINING COMPANY V. JOSEPH TINCHERT.
No. 201.

1. DEMURRER TO EVIDENCE — *should be overruled where every
material allegation of the petition is supported by some evi-
dence.* Where there is some evidence to support all of the alle-
gations of a petition necessary to constitute a cause of action, it
is not error to overrule a demurrer thereto.

2. ACTION FOR NEGLIGENCE — *evidence competent that, immedi-
ately after accident, employer took steps to prevent further
injury from same cause.* In an action by an employee against
an employer for sending the employee into a dangerous place to
work, without knowledge of such danger and without sufficient
light at hand to enable the employee to discover the same, whereby
he was seriously injured by a number of iron boiler-plates falling
upon him, it is not error for him to show that, immediately upon
his being extricated from under the plates and the plates being
put back into the same position in which they were prior to the
injury, the foreman of the defendant then took the necessary
precautions to prevent a recurrence of the same injury to other
employees, by driving an iron post into the earth alongside the
boiler-plates to prevent their again falling.

3. ——— *without special allegation, evidence competent that
injury incapacitated plaintiff as musician.* For the purpose
of showing the extent and character of an injury, it was competent
for the plaintiff to show that he was a musician prior to the acci-
dent, and that by reason of the injuries inflicted upon him he was
afterward unable to blow the wind instrument he had been in the
habit theretofore of using; notwithstanding there was no allegation
in the petition respecting the fact that he was a musician and
that his injuries had deprived him of the power of pursuing that
occupation.

4. CONFLICTING INSTRUCTIONS — *improper one given at plaintiff
in error's instance, not ground for reversal.* Where the court
gives two inconsistent and conflicting instructions, one of which
is a proper instruction to be given and applicable to the evidence,
and the other is given at the instance of the plaintiff in error and
is erroneous, and was an improper instruction to be given to the
jury, the plaintiff in error has no right to complain thereof ;
and such erroneous instruction is no ground for a reversal of the
judgment at his request.

5. EMPLOYEE'S RISK FROM DANGEROUS MACHINERY — *instruction as
to, approved.* The following instruction, to wit : " The jury are

instructed that while an employee assumes the ordinary risks and hazards incident to the employment in which he is engaged, yet the risk of the safety of machinery or premises about which said employee works is not assumed by him unless he knows the danger, or unless it is so obvious that he will be presumed to know it. He takes the risk of known or obvious dangers and not others,'' is a correct statement of the law as applicable to the facts in this case.

6. DAMAGES AWARDED BY JURY — *not presumed to have been on any ground not proved, though mentioned in instruction.* The court's instruction as to the measure of damages is a correct statement of the law, and the court will not presume that the jury awarded any damages on account of any matter therein referred to, in the absence of all evidence to support such allowance.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed April 30, 1897. *Affirmed.*

*Miller & Morris,* and *Pratt, Dana & Black,* for plaintiff in error.

*Mills, Smith & Hobbs,* and *C. D. Walker,* for defendant in error.

MAHAN, P. J. This was an action to recover damages for injuries inflicted upon the defendant in error through the negligence of the plaintiff in error. The defendant in error was employed by the plaintiff in error as a helper about its blacksmith shop. Out of the usual course of his duties, he was directed, in the night-time, to assist in moving some boiler-plates. The boiler-plates were about sixteen feet long and about four or five feet wide, and were set on edge, perpendicularly, along the wall of a building. They were leaning at an angle against the side of the building, in a safe position; but the foreman of the plaintiff in error, to prevent injury to the wall, had them set more nearly perpendicular. It took several workmen to move them,— a plate at a time. After three

132 Consolidated Smelting Co. v. Tinchert.

N. Dept.          Opinion.  Mahan, P. J.          5 Kan. App.

of the plates had been moved under the direction of the foreman, he, being in haste about the removal, called upon the defendant in error to assist. There was no light but a torch in the hands of the foreman, and the defendant in error had no opportunity to see the dangerous position of the plates. By direction of the foreman, he took his place between a boiler and the stack of plates, to assist in moving them; and, by reason of their being set up too nearly perpendicular, they fell over upon him, crushing his body and inflicting upon him serious injury. The case was tried by a jury and resulted in a verdict in favor of the defendant in error for nine hundred and fifty-eight dollars. A motion for a new trial was denied, and judgment was rendered upon the verdict.

The first assignment of error in the brief of counsel is that the court erred in overruling the demurrer to the testimony of the plaintiff. There can be no doubt that the testimony was ample to sustain the verdict. The plaintiff had no knowledge of the situation of the plates. They were in a dangerous position. There was not sufficient light afforded to give the plaintiff warning thereof. The defendant Company knew the situation. Its foreman gave no intimation to the plaintiff that he was being sent into the trap, and, indeed, he had no notice, as is disclosed by the evidence, until the iron, weighing about three thousand pounds, fell upon him and crushed him. There is nothing in the record that could possibly be held to disclose any negligence on the part of the plaintiff. He ignorantly and innocently obeyed orders. The trap was set by the defendant's foreman, and it caught the plaintiff. The demurrer was properly overruled.

The second assignment of error is the admission of testimony to the effect that, immediately upon the

setting up of the plates in their former position, a guard in the nature of an iron post was driven in to prevent the trap from catching some other person ; a precautionary measure that would have prevented the occurrence of the injury to the plaintiff if it had been taken in time.

While the authorities cited in the brief of the plaintiff in error are to the effect that this was error, the opposite rule, and, we think, the better one, has been adopted by our Supreme Court. The act was part of the *res gestæ;* it was done immediately. Under the rule adopted by our Supreme Court, there was no error in the admission of this evidence. The third assignment of error is as to the admission, over the defendant's objection, of evidence that the defendant was a musician and had sustained loss by reason of not being able to play. It is claimed this was error because there was no allegation in the petition to which the evidence could be addressed. The plaintiff in error has itself fallen into an error in this assignment. There was some evidence to the effect that the injuries received by the plaintiff in his chest, the injury to his lung, prevented him from blowing a horn, or a wind instrument, as he had formerly done, but it was offered, not for the purpose of enhancing the damages or as a ground for additional damages, but for the purpose of showing the extent of the plaintiff's injury ; and, for this purpose, it was entirely proper, and its admission was not error.

The fourth assignment of error is that the court assumed, by its instruction numbered six, that there was evidence that the iron sheets were piled in a dangerous position, when there was no such evidence ; and the same objection applies to instruction number thirteen. The facts and circumstances disclosed by

the evidence clearly indicate that the injury was caused by the dangerous manner in which the iron sheets were set up against the wall. Hence, the instruction was not erroneous ; it was sustained by the evidence.

The fifth assignment is that the instructions numbered seven and twenty-seven are inconsistent and in conflict with each other. In a measure they are ; but the plaintiff in error is not in a situation to complain of this fact. Instruction number twenty-seven seems to have been given at its request, and is not the law ; it is too favorable to the plaintiff in error. Instruction number seven was a correct exposition of the law under the facts.

The sixth assignment of error is that instruction number ten was erroneous because it states that the plaintiff did not assume the risk of the safety of the premises unless the danger was obvious ; it omits the consideration that the defendant was only required to furnish a reasonably safe place in which to work. The instruction is as follows :

"The jury are instructed that, while an employee assumes the ordinary risks and hazards incident to the employment in which he is engaged, yet the risk of the safety of machinery or premises about which said employee works is not assumed by him unless he knows the danger, or unless it is so obvious that he will be presumed to know it. He takes the risk of known or obvious dangers, and not of others."

The plaintiff in error has no reason to complain of this instruction ; it is applicable to the facts in the case. The duty of the plaintiff in error toward the plaintiff, as an employee, was set out by the instructions. The instruction given was addressed to what the employee was held under the law to have waived — the risks or hazards that he was presumed to have

waived; and was not intended as a measure of the responsibility of the plaintiff in error, nor as a statement of the law concerning the exercise of care in respect to the safety of the place in which the employee was to work.

The seventh assignment of error is based upon the eighth instruction, as to the measure of damages, which is as follows:

"If you find for the plaintiff, then the court instructs you that the measure of his recovery is, first, such sum as will compensate him for the expense he has paid or incurred in effecting his cure and in caring for and nursing him during the period that he was disabled by the injury."

It is true that there was no evidence that he paid anything for nursing. The evidence is that he was confined to his bed for about two weeks, and that he was nursed by his associates or friends. Whether they expected compensation or not does not appear from the evidence. The evidence discloses that the plaintiff received injuries permanent in their nature, and that he experiences great pain and suffering. Indeed, the facts warranted a recovery for a much larger sum than that awarded by the jury. It cannot be assumed, or presumed, that the jury, in the absence of any testimony that the plaintiff paid anything, allowed him anything for nursing because the court said he was entitled to such expense as he had paid for nursing. The record does not disclose that the substantial rights of the plaintiff in error were seriously or injuriously affected by this instruction. Our Code of Civil Procedure expressly provides that the courts must disregard errors which do not affect the substantial rights of the adverse party, and that no judgment shall be reversed by reason of such errors. The court did not say to the jury that

the plaintiff was entitled to expenses paid for nursing ; but, in laying down the general rule as to the measure of damages, said that he should be awarded, *first*, such sum as would compensate him for such expense as he had paid or incurred in effecting his cure and in caring for and nursing him during the period that he was disabled by the injury ; *second*, if the injury had impaired his power to earn money in future, such sum as would fully compensate him for such loss of power ; and, *third*, such sum as the jury might award him for the pain and anguish caused by his injury ; not to exceed in all the sum of two thousand dollars, as it had been stipulated by the parties that the plaintiff should not ask for or recover a greater sum than this. The petition prayed for a judgment for five thousand dollars. The defendant, plaintiff in error, being a foreign corporation, applied for a removal of the case to the federal court, and, in consideration of a withdrawal of this petition for removal, the plaintiff stipulated with it that he would waive all damages in excess of two thousand dollars. It can be reasonably inferred from the record and the conclusion reached by the jury that the instruction did not prejudice the rights of the plaintiff in error.

The judgment is affirmed.