## STATE OF NORTH DAKOTA v. HENRY GUTTERMAN.

(128 N. W. 307.)

**Criminal Law — Instructions — Right to be Heard by Counsel.**

Among other things the court instructed the jury as following: "Gentlemen of the jury, I charge you to pay no attention to any remarks or statements made by counsel; you are the sole judges of the questions of fact in this case, the court will give you the law, it is your duty to decide this case according to the law given you by the court." *Held*, error.

Opinion filed October 20, 1910.

Appeal from the County Court, McHenry county; *Honorable Horace Bagley*, J.

Action by the State of North Dakota against Henry Gutterman.

From a judgment in favor of plaintiff, defendant appeals.

Reversed.

*E. R. Sinkler* and *C. W. Hookway*, for appellant.

*Charles D. Donnelly*, State's attorney, *Andrew Miller*, Attorney General, and *C. L. Young*, Assistant Attorney General, for respondent.

CARMODY, J. This is an appeal from a judgment of conviction in an action against the defendant, for the crime of keeping and maintaining a common nuisance under the prohibitory law of the state of North Dakota. Appellant assigns as error the following instruction to the jury; "Gentlemen of the jury, I charge you to pay no attention to any remarks or statements made by counsel; you are the sole judges of the questions of fact in this case, the court will give you the law, it is your duty to decide this case according to the law given you by the court."

The right of the defendant in a criminal case to be represented by counsel is one guaranteed him by the Constitution. Section 13 of the Constitution of the state of North Dakota, as far as material, is as follows: "In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf; and to appear and defend in person and with counsel."

Section 9993 of the Revised Codes of 1905 is as follows: "If the information or indictment is for an offense punishable with death, three counsel on each side may argue the case to the jury. If it is any other offense the court may, in its discretion, restrict the argument to one counsel on each side." While we do not suppose the court intended by the instruction complained of that the jury should not listen to and avail themselves of the argument of counsel, and while he undoubtedly meant that the jury were not to decide the case on anything that counsel might say, but were to take evidence as given by the witnesses into consideration, and the law as given them by the court as the basis of their verdict, still we cannot say that the instruction complained of is not prejudicial. Parties have a right to appear by counsel, and it is the privilege of counsel to address the jury. If the jury are to disregard the arguments of counsel altogether, if they are to shut their ears to the illustrations, comments, and reasonings, how unmeaning, indeed how absurd, is the appearance of counsel. It is a most valuable right to be represented by learned and eloquent counsel, not only before the court, as to the law, but also before the jury, as to the facts. So far as the facts of a case are concerned, the privilege is valuable, just because the jury may look to the argument of counsel, may consider his reasoning, before making up their verdict. In our opinion it was a dangerous stretch of judicial prerogative, by the charge of the court, to tell the jury to pay no attention to any remarks or statements made by counsel. To the legal mind, perhaps, the charge in question was not misleading, but to a jury not composed of lawyers, such a charge may have had the effect to have confused and misled them, and in the form here put it should not have been given. Reeves v. State, 34 Tex. Crim. Rep. 483, 31 S. W. 382; Garrison v. Wilcoxson, 11 Ga. 155; People v. Hite, 8 Utah, 461, 33 Pac. 254; 11 Enc. Pl. & Pr. p. 367, and cases cited.

20 N. D.—28.

·The other errors assigned are such that they are not likely to arise on a new trial; hence we need not consider them.

Judgment reversed and a new trial ordered.    All concur.