# ZILKE v. JOHNSON.

(132 N. W. 640.)

**Trial — order of proof — harmless error — discretion.**

1. In an action against a physician and surgeon to recover damages for alleged malpractice, in which the negligent act alleged consists in the defendant leaving some gauze in plaintiff's abdomen at an operation performed on November 13, 1906, plaintiff before establishing the alleged act of negligence, and over defendant's objection, was permitted to testify to the pain and suffering endured by her.

*Held,* that such objection merely goes to the order of proof, and the ruling complained of was nonprejudicial.

**Action for malpractice — evidence.**

2. It was not error to permit plaintiff, a married woman, to testify to her inability, after such operation, to perform her usual household work; it appearing that such testimony was offered merely to show the extent and character of plaintiff's injuries, and not for the purpose of augmenting the damages on account of loss of services.

**Action for malpractice — evidence as to damages.**

3. It was proper to permit plaintiff to show that she had unconditionally obligated herself to pay another physician and surgeon for performing an operation for the purpose of removing such gauze.

**Admission of evidence — harmless error.**

4. The erroneous admission of certain immaterial testimony *held* not preju-dicial.

**Order of proof — harmless error.**

5. Certain other objections, merely going to the order of proof, *held* not preju-dicial.

**Action for malpractice — question for jury.**

6. Evidence examined, and *held* sufficient to require its submission to the jury.

**Harmless error in instructions.**

7. In charging the jury the trial court made certain inaccurate statements regarding the allegations in the pleadings, but, being of a trivial nature, it is *held* that they were not prejudicial. The issue was clearly stated, and could not have been misunderstood by the jury.

**Appeal — error in instructions — waiver.**

8. The objection that the instruction as to the burden of proof was too general is unavailing to appellant. He made no request for a more specific in-struction, and, furthermore, the one given was more favorable to appellant than he had a right to ask.

**Instructions — definition of terms.**

9. The instruction defining the terms "negligence," and "negligently," was given in the exact language of the Code. *Held* sufficient, especially in view of the fact that no more specific instruction was asked.

**Malpractice — instructions as to negligence.**

10. Among other things, the court, in effect, instructed the jury that the defendant was guilty of negligence if he left the gauze in the wound, as al-leged. *Held* correct for the reason that the case was apparently tried by both parties upon the theory that defendant was liable, if he left the gauze in the wound, as alleged; the sole issue tried being whether such fact occurred.

**Instructions — construing as a whole.**

11. Certain other instructions relative to the rule to be followed in assessing damages, and in determining whether defendant was negligent as charged, considered, and *held* not prejudicial, when read in connection with the other instructions in the case.

**Instructions — as to disregarding statements by counsel in argument — reversible error.**

12. The court charged the jury, among other things, as follows: "If, during the heat of the argument, any of the counsel have made any statement to you of what they consider to be the testimony and the evidence in this case, it should be eliminated from your minds, and you should disregard such state-ments of counsel, and you are the sole judges of the testimony yourselves.

The counsel on both sides have been permitted to assist in presenting the facts and circumstances of the case to you, but any statement or opinion advanced by them should be disregarded entirely, and you are to try this matter herein from the evidence introduced and from the instructions of the court."

*Held,* following State v. Gutterman, 20 N. D. 432, 128 N. W. 307, that the giving of such instruction constitutes reversible error; the effect of such instruction being to advise the jury to disregard entirely all statements made by counsel in argument.

Opinion filed September 9, 1911.

Appeal from District court, Bottineau county; *A. G. Burr,* **J.**

Action by Amelia Zilke against J. A. Johnson. From a judgment for plaintiff and from an order denying a new trial, defendant appeals.

Reversed, and new trial ordered.

*Noble, Blood, & Adamson,* for appellant.

*Bowen & Adams,* for respondent.

Fisk, J. Plaintiff recovered judgment in the court below, and defendant appeals therefrom, and also from the orders denying his motions for judgment notwithstanding the verdict and for a new trial.

The defendant is a physician and surgeon, and on November 13, 1906, was employed to and did perform a serious surgical operation upon the person of plaintiff. The action is to recover damages for alleged malpractice on defendant's part in connection with such operation; it being alleged that he negligently failed and refused to procure necessary professional assistance in performing such operation, and that he unskilfully, negligently, and carelessly left and permitted to remain in the wound in plaintiff's abdomen a large amount of cloth and gauze, and that the same remained therein until on or about October 26, 1908, at which time plaintiff was obliged to employ other physicians and surgeons to remove such cloth and gauze, and, to accomplish such end, she was again compelled to submit to and suffer another painful and serious operation to her great damage, etc. Defendant, by his answer, put in issue the alleged acts of unskilfulness and negligence, and the issue thus framed is the sole issue tried in the district court.

Appellant's counsel have assigned a great number of alleged errors,

which are argued in the brief, but they are grouped and treated under various heads. We will consider them in the order presented.

Assignments numbered 1 to 8, inclusive, relative to certain rulings. on the admission of testimony. Counsel complain because the court permitted plaintiff to show pain suffered by her, before establishing the acts of negligence charged. There is no merit in these assign-ments. Such rulings merely go to the order of proof, and it is firmly settled that the order of proof is committed to the discretion of the trial court, and it is seldom, if ever, that reversible error can be predicated on the exercise of such discretion.

Assignments 9 and 30 to 34 are based on certain rulings in the ad-mission of testimony relative to plaintiff's ability to do work of any kind after the 1906 operation and prior to the time such gauze was. removed in 1908. We discover no error in such rulings. It is ap-parent from the record that such testimony was offered merely to show the extent and character of plaintiff's injuries, and not, as ap-pellant's counsel assume, for the purpose of augmenting the damages: on account of loss of services. That the testimony was admissible for the purpose for which it was offered is, we think, clear. See Stutz. v. Chicago & N. W. R. Co. 73 Wis. 147; 9 Am.. St. Rep. 769, 40 N. W. 653; Bliss v. Beck, 80 Neb. 290, 114 N. W. 162, 16 Ann. Cas. 366; Consolidated Kansas City Smelting & Ref. Co. v. Tinchert, 5 Kan.. App. 130, 48 Pac. 889; Wade v. Leroy, 20 How. 34, 15 L. ed. 813; 7 Enc. Ev. 384, note 27; 13 Cyc. 188, and cases cited in note 2; Dahlberg v. Minneapolis Street R. Co. 32 Minn. 404, 50 Am. Rep. 585, 21 N. W. 545.

Assignments 35 to 41, inclusive, involve the admissibility of cer-tain testimony as to the expense of the 1908 operation. No exception was saved to the ruling forming the basis of assignment 35. Hence such assignment must be overruled. The rulings on the questions. asked by defendant's counsel on cross-examination, and on which as-signments 36, 37, and 38 are predicated, were correct. Such ques-tions were clearly immaterial, and the last one was also improper cross-examination.

The next three assignments are likewise devoid of merit. It was. perfectly proper for plaintiff to show that she had unconditionally ob-ligated herself to pay Dr. Halldorson for the 1908 operation. In-

dianapolis Traction & Terminal Co. v. Kidd, 167 Ind. 402, 7 L.R.A. (N.S.) 143, 79 N. E. 347, 10 Ann. Cas. 942; Wilson v. Southern P. Co. 13 Utah, 352, 57 Am. St. Rep. 766, 44 Pac. 1040.

Assignments 11, 44, and 47 are based on rulings in sustaining objections to certain questions asked plaintiff on cross-examination, and in overruling objections to certain questions asked defendant on cross-examination. These assignments relate to testimony as to the reason the 1906 operation was performed at plaintiff's home, instead of elsewhere, and the doctor's knowledge that the surrounding conditions at that place were not the most favorable. This testimony was immaterial. It had no tendency to throw any light upon the issue of defendant's alleged negligence in leaving the gauze in plaintiff's abdomen, nor upon his alleged negligence in performing such operation without proper assistance. Even if erroneous, such rulings were nonprejudicial. Assignment 12 is not argued, and will therefore be deemed abandoned.

We perceive no merit in assignments 13, 14, 15, 26, and 27. If the testimony as to the conversation between plaintiff and defendant regarding the necessity of employing other medical assistance at the operation, and also the testimony of the witness, Dr. Halldorson, as to the custom in having such assistance at an operation of this character, was immaterial, as urged by appellant's counsel, we are unable to discover how it could have been prejudicial. While the complaint charges, as one of the acts of negligence, that defendant performed such operation without proper assistance, there is nothing to show that such alleged negligence in any manner directly contributed to the injury complained of. It might be proper, however, to show such fact as a circumstance of some evidentiary weight bearing upon the particular negligent act relied on. However this may be, we are agreed that the rulings do not in any event constitute prejudicial error.

Assignments 16, 17, and 18 require but brief notice. They relate to rulings in permitting plaintiff to testify to the fact that the nurse, M. P. Barnes, left, and why she left after four or five days. Such testimony was wholly immaterial, but its admission could not possibly have influenced the jury, and such rulings, were harmless to appellant. The same is true of assignments 19 and 20.

Assignments numbered 21, 22, 23, 24, 25, and 28 merely go to the

order of proof; and hence, for reasons heretofore stated, the rulings
on which such assignments are based do not constitute reversible
error, and these assignments cannot avail appellant.

The remaining assignments call in question the correctness of the
trial court's actions in overruling defendant's motion for a directed
verdict, denying his motion for judgment *non obstante veredicto,* and
in denying his motion for a new trial.   These assignments · require
more extended consideration, as they involve the sufficiency of the evi-
dence to sustain the recovery, and also numerous exceptions to the
instructions.   The question of the alleged insufficiency of the evidence
will be first disposed of.   As before stated, the precise act of negligence
claimed is the leaving of the gauze in the wound at the 1906 oper-
ation.   Is there any substantial testimony in the record to support a
finding by the jury of such alleged neglect on defendant's part?
Appellant contends that there is no direct testimony of such fact, and
that if gauze was found in plaintiff's abdomen, as testified to by Drs.
Halldorson and Durnin, that it must have been placed there at a prior
operation, which was made, as the testimony disclosed, in 1905.   De-
fendant positively swears that at the 1906 operation he did not make an
incision entirely through the abdominal wall, but merely penetrated
what is known in surgery as "the eponerosis of the recti muscles,"
and that the operation was outside of the peritoneal cavity.   In this
he appears to be corroborated, at least to some extent, by the nurse,
M. P. Barnes.   Defendant also swears that at neither the 1906 nor
1905 operations did he use any packing, but he did use a dressing
and sponging.   Respondent concedes that there is no direct testimony
showing that appellant left gauze in her abdomen at the 1906 oper-
ation, but contends that the circumstantial evidence is well-nigh con-
clusive that such is a fact, and at least it was amply sufficient to re-
quire a submission of such question to the jury.   She calls attention
to the fact that in the nature of the case direct proof could not be fur-
nished.   She was under the influence of an anesthetic at the time of
such operation, and the only other persons present were defendant,
his wife, and the nurse.   It is an undisputed fact in the case that on
October 26, 1908, Drs. Halldorson, Durnin, and Jensen removed from
plaintiff's abdomen the gauze (Exhibit 2), and the crucial question is,
When was such gauze placed therein?

The undisputed evidence shows that three operations were performed on plaintiff's abdomen by this defendant,—the first in 1905, the second on November 13, 1906, and the third on September 18, 1908. These were the only operations performed on plaintiff between the operation in 1905 and the date Drs. Halldorson, Durnin, and Jensen removed the gauze on October 26, 1908. The nurse positively testified that there were no sponges left in the abdomen of the plaintiff at the 1905 operation. She says: "I prepared the sponges; they were counted out, and after the operation they were counted again." She was also present as nurse at the 1906 operation, and testified that she counted the sponges before the operation, but did not count them afterwards. The September, 1908, operation, according to the testimony of the defendant, was a slight external operation for the purpose of opening an abscess. He says he packed some gauze into the opening of the abscess at that time, but states that he did not put such gauze in deep. In this connection he testified: "The opening that I made was about 2 inches, and I could see into the abscess; I cleaned it out thoroughly . . . and packed it full of gauze. What I put in was packing. The incision was left open, and a part of the gauze allowed to remain in the opening through the skin, and with a probe I kept pushing it in, so as to cover the whole abscess inside." It is defendant's theory that this is the gauze which was removed, in October, 1908, by Drs. Halldorson and Durnin. At another place he testified: "I did not put this gauze as deep or below the muscles; . . . it was exterior of the muscles, and nature would have a tendency to expel the gauze that I put in. A part of it was sticking out,—enough to take hold of it handily."

The plaintiff, however, positively testified that shortly after defendant placed this gauze in such abscess it pained and hurt her, and she removed it herself. Consequently, if her testimony is entitled to credence, this is not the gauze which was subsequently removed by Drs. Halldorson and Durnin. Her testimony is corroborated by that of Drs. Halldorson and Durnin, who swore that the gauze which they removed was in the inside of the abdominal wall. Among other things, Dr. Halldorson testified: "The gauze was inside of the peritoneum, but walled from the rest of the cavity by a wall nature had built. . . . There was a membrane that separated this gauze from the

22 N. D.—6.

abdominal cavity,—an artificial substance that nature had drawn around it. I am sure that the gauze was within the peritoneum. From the examination that I made, I would say that the gauze had been left in the abdominal cavity." He is corroborated by the testimony of Dr. Durnin, and their testimony tends strongly to negative the defendant's theory that the gauze which they removed was that left by him in September, 1908. Dr. Windell, a witness for the defense, gave it as his opinion that the gauze must have been imbedded at the place where it was found, and this same witness also stated that it is possible for gauze left between the peritoneum and the muscles to remain not only three, but fifteen years, but it could not remain if in a bad condition.

After a careful consideration of all the evidence in the record, we have no hesitancy in concluding that there was sufficient testimony to require a submission to the jury of the issue as to whether the gauze which was removed by Drs. Halldorson and Durnin, in October, 1908, was placed and left in plaintiff's abdomen by the defendant at the operation on November 13, 1906, as alleged in the complaint.

This brings us to a consideration of the exceptions to the instructions. Exceptions 1 to 10 are aimed at those portions wherein the court merely, in a general way, outlined to the jury the issue as framed by the pleadings. It is contended that the learned trial judge did not accurately narrate to the jury the allegations in the pleadings. For instance, among other things, it is said that the jury was told that the plaintiff alleges that defendant entered upon a *cure;* whereas the allegation is that he entered upon said *employment,* and this is claimed to be prejudicial. Also, in stating defendant's claims, as alleged in the answer, the court stated: "And he further alleges that any injury or damage was not due to any act or omission on the part of defendant, but alleges that it was due to contributory negligence on the part of the plaintiff;" while the allegation in the answer is: "And he further alleges that any injury or damage was not due to any act or neglect or omission on the part of the defendant, but alleges that any injury, *if such injury occurred,* was due to contributory negligence on the part of the plaintiff." These exceptions are hypercritical and wholly devoid of merit. Such slight deviations from the allegations in the pleadings could not possibly have misled or prejudiced the jury in the least. The issue was clear, and could not have been misunderstood. It was

nowhere contended that defendant agreed to effect a cure of the plaintiff, and he was bound only to use reasonable skill and care in treating the plaintiff. That the gauze (Exhibit 2) was removed from the plaintiff's abdomen in October, 1908, is uncontroverted, and the sole question was whether the same was carelessly left in the wound by defendant at the 1906 operation.

Exception No. 11 is levied at that portion of the instructions relative to the burden of proof. It is contended that this instruction is too general, and did not restrict the jury to the precise act of negligence complained of. We see no merit in such contention. If appellant desired a more specific instruction, he should have asked for the same.

Exception 12 challenges that portion of the instructions wherein the jury were told that the fact that defendant was, at the time mentioned in the complaint, a physician and surgeon, and that he performed an operation on the plaintiff in the year 1906, and also that there was a certain piece of gauze taken from the body of the plaintiff in October, 1908, were either admitted or proven beyond dispute. Such instruction was clearly correct and in strict accordance with the allegations and proof in the case, as we have heretofore stated.

By exception 13 appellant complains of the following definition of negligence, as given by the trial court to the jury: "The terms 'negligence,' 'negligent,' and 'negligently,' when so employed, import a want of such attention to the natural or probable consequence of the act or omission as a prudent man ordinarily bestows in acting in his own concerns." Appellant's criticism of this instruction is that such definition fails to convey the idea of ordinary conduct of the ordinary prudent person *under the same or similar circumstances;* citing in support of his contention Boelter v. Ross Lumber Co. 103 Wis. 324, 79 N. W. 243. While such an instruction would have been eminently proper, the same was not requested, and in the absence of such a request appellant will not be heard to complain, especially in view of the fact that the instruction given is in the identical language of our Code (Rev. Codes 1905, § 9522). See Landis v. Fyles, 18 N. D. 587, 120 N. W. 566; Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972.

What we have just said regarding exception 13 applies with equal

force to exception 14. The instruction complained of was in the language of the statute, as follows: "Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages." Rev. Codes 1905, § 6556.

Among other things, the court charged as follows: "If the preponderance of the evidence shows it [meaning the gauze] to have been left in the body during the 1906 operation, and that plaintiff suffered damages therefrom, then you should find the defendant guilty of negligence, for which damages are recoverable." Exception No. 16. challenges the accuracy of this instruction. It is said that the court, by giving such instruction, invaded the province of the jury by in effect instructing them that, as a matter of law, defendant was guilty of negligence, if they found that he left the gauze in the wound, as alleged. No authorities are cited by appellant's counsel in support of their contention. The rule is well settled that, where the facts are undisputed, and but one inference can be drawn from them, it is the duty of the court to decide, as a matter of law, whether there was negligence; but where, under the facts, different minds might come to different conclusions upon the question of the care used, the question is one for the jury. 29 Cyc. 629; Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427. We think there was no prejudicial error in giving such instruction. The case was tried by both parties upon the theory, apparently, that defendant was liable, if he left the gauze in the wound at the 1906 operation. Defendant's sole defense was that he did not do so. He nowhere sought to justify his conduct on the assumption that the gauze was left in the wound by him on such occasion.

Among other things, the court charged as follows: "And in determining the amount of damage, you may consider the fact that the defendant refused to have a competent physician or other person to assist him, if that has been proven." This instruction, standing alone, may appear to be erroneous and prejudicial; but, when considered in the light of the entire instructions, we are not willing to say that the giving of the same requires a reversal, although its omission would have been preferable. The learned trial court, in other portions of the instructions, very carefully and accurately stated the rule for measuring the damages, in the event the jury found for the plaintiff.

We have carefully considered appellant's contentions relative to the instructions covered by exceptions 18 to 25, inclusive, and find no prejudicial error in such instructions, when considered in the light of all the instructions given, and it would serve no useful purpose to enter into a detailed discussion of appellant's various contentions under these exceptions; nor do we feel justified in taking the time necessary to do so.

Exception 26 challenges the correctness of the following portions of the instructions: "If, during the heat of the argument, any of the counsel have made any statements to you of what they consider to be the testimony and the evidence in this case, it should be eliminated from your minds, and you should disregard such statements of counsel, and you are the sole judges of the testimony yourselves. The counsel on both sides have been permitted to assist in presenting the facts and circumstances of the case to you, but any statement or opinion advanced by them should be disregarded entirely, and you are to try this matter herein from the evidence introduced and from the instructions of the court." We are constrained to hold that the giving of the foregoing instruction constitutes reversible error. The jury was, in effect, told to disregard entirely any statements made by counsel in argument. Such an instruction is everywhere condemned, so far as we have been able to discover; and this court, in the recent case of State v. Gutterman, 20 N. D. 432, 128 N. W. 307, held it reversible error to give an instruction which in all essential particulars was the same as that above quoted. The reasoning there advanced applies with equal force in the case at bar. The learned trial judge, no doubt, intended to caution the jury to disregard such statements, in so far only as they were unsupported by the testimony in the case; but the language employed might, and probably did, convey a different meaning to the jury, and we are unable to say that such instruction did not operate to the prejudice of the defendant. We regret the necessity of remanding the cause for a new trial, but our duty is plain under the authorities. That the rule announced by this court, in State v. Gutterman, supra, applies equally to instructions in civil actions is clear. 5 Enc. L. & P. 290, and cases cited; 11 Enc. Pl. & Pr. 367, and cases cited; Chicago Union Traction Co. v. O'Brien, 219 Ill. 303, 76 N. E. 341.

We have examined the instructions upon which are based exceptions

28 and 29, and while such instructions are subject to criticism, and ought not to have been given in the form in which they were given, we are unable to say that they constitute reversible error. On the next trial the criticisms directed against these instructions will, no doubt, be obviated by giving such instructions in proper form. The remaining assignments are already covered.

For the error above pointed out a new trial is ordered.

MORGAN, Ch. J., not participating.