[Department One. — July 23, 1883.]

GEORGE FERRIER, APPELLANT, v. CATHARINE FER-
RIER, RESPONDENT.

DEMURRER — DEFENSE. — A demurrer does not lie to part of a defense. In order to
determine the sufficiency of a defense it must be taken as a whole.

ID. — CROSS-COMPLAINT. — Failure to pass upon a demurrer to a cross-complaint
is not ground for reversal when it appears that a trial was had upon the
merits without objection, and no relief awarded on the cross-complaint.

APPEAL from the Superior Court, county of Santa Barbara.

The facts are stated in the opinion of the court.

*B. F. Thomas,* for Appellant.

*Hall & Requa,* for Respondent.

ROSS, J. — There is no merit in this appeal. The action is
by a husband against his wife for the value of his services alleged
to have been rendered, under employment by the wife, in and
about the management and cultivation of the wife's separate
estate. There was a verdict and a judgment for the defendant.

It is contended for the appellant that the court below erred
in overruling his demurrer to the first subdivision of the second
defense set up in the amended answer. But this subdivision
only set forth the fact, not alleged in the complaint, that the
plaintiff was, at the time stated in the complaint, the husband
of defendant, and this only as preliminary to the further aver-
ment contained in the second defense set up, to the effect that
any and all services rendered by plaintiff for which he sues,
were rendered at his own instance, without request, solicitation,
or employment by the defendant, and in consideration alone of
his relation to defendant and of the benefits received by him by
reason of that relation. The sufficiency of the defense is not to
be tested by one of its subdivisions, but as a whole; and con-
sidered as a whole, it put in issue the fact of employment, with-
out which it is certain no cause of action was vested in the
plaintiff.

It is also contended that the court below erred in refusing to
make an order precluding the defendant from giving any evi-
dence in support of the matters set up in and by the third

defense contained in the amended answer, because of the defendant's failure to furnish the bill of items demanded. If it be admitted that the court was in error in this respect, no injury to appellant appears to have resulted, for it does not appear that the defendant gave any evidence on the trial in support of the matters set up in the third defense. We observe that it is stated by counsel in their *assignment of errors*, that such was the fact; but of course we cannot accept that statement as true. If such was the rule there would be few, if any, cases in which an assignment of errors appears, that would not have to be reversed.

Another point made for appellant is, that it does not appear from the record that the plaintiff's demurrer to the cross-complaint filed by the defendant was disposed of by the court. This is true; but it is also true that the defendant went to trial upon the merits of the case without making any objection of this nature in the court below; no relief was awarded the defendant by reason of the cross-complaint, nor does it appear that there was any order or judgment made adverse to the appellant based on or in any manner growing out of that pleading. Moreover, upon looking into the cross-complaint, we do not see that it has any relation whatever to the alleged contract upon which the plaintiff's action was brought, for which reason it was probably abandoned in the court below. At all events, no possible injury could have resulted to appellant by reason of the failure of the court, if failure there was, to rule upon the demurrer; and that being the case, the judgment should not be reversed. (Code Civ. Proc. § 475.)

Judgment affirmed.

McKee, J., and McKinstry, J., concurred.