[No. 12988.   In Bank. — August 5, 1889.]

I. W. GOLDMAN ET AL., RESPONDENTS, *v*. RACHEL D. BASHORE, APPELLANT.

PLEADING — ANSWER — CROSS-COMPLAINT — JUDGMENT ON PLEADINGS. — A portion of an answer introduced in the following language: "And for a further and separate answer the defendant files her cross-complaint, and alleges," etc., — does not constitute a cross-complaint, or entitle the defendant to a judgment on the pleadings for failure of the plaintiff to answer thereto.

BILL OF EXCEPTIONS — INSTRUCTION. — The embodying of an instruction in the specifications of error at the end of the body of the statement or bill of exceptions, reciting that the court erred in instructing the jury as follows, etc., cannot be considered as evidence that the court granted such instruction.

ASSUMPSIT — CONTRACT TO DELIVER WOOD — EVIDENCE — UNSIGNED LETTER. — In an action of *assumpsit* for goods sold and money paid out and advanced for defendant, where the defendant pleads a special contract to deliver a quantity of wood to plaintiffs, which plaintiffs refused to receive, and the proof shows that the refusal only applied to wood for which an order was given upon a third party, an unsigned letter forbidding plaintiffs to take that wood, which there was evidence tending to show had been sent to plaintiffs by the attorney of such third person, is admissible for plaintiffs as tending to show that they were not at fault for not taking such wood as part of defendant's delivery.

EXCLUSION OF REPEATED EVIDENCE. — The court may properly refuse to allow a party to again testify to what he has already testified to.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Cosper & Boller,* for Appellant.

The cross-complaint of defendant was proper and complete. (Code Civ. Proc., sec. 442; *Lynch* v. *Brigham,* 51 Cal. 491; *Colton L. & W. Co.* v. *Raynor,* 57 Cal. 588; Estee's Pleading, 3d ed., sec. 4555; Boone on Code Pleading, sec. 102; *Cookerly* v. *Duncan,* 87 Ind. 332.) The damages sought are the direct and proximate result of plaintiffs' breach of contract. (*Walrath* v. *Whittekind,* 26 Kan. 482; *Hadley* v. *Baxendale,* 9 Ex. 341; *Taylor* v. *Bradley,* 4 Abb. App. 363; *Wakeman* v. *Wheeler etc. Co.,* 101 N. Y. 205; 54 Am. Rep. 676; *Booth* v. *Spuyten Duyvil R. M. Co.,* 60 N. Y. 492; *Miller* v. *Mariners' Church,* 7 Greenl. 55; 20 Am. Dec. 341; *Frohreich* v. *Gammon,* 28 Minn. 476.)

*Lamberson & Taylor,* for Respondent.

The motion for judgment on the pleadings cannot be considered, not being included in any statement of the case or bill of exceptions. (*McAbee* v. *Randall,* 41 Cal.

137; *Douglas* v. *Dakin,* 46 Cal. 52; *Stoddart* v. *Burge,* 53 Cal. 398; *Harper* v. *Minor,* 27 Cal. 107.) And the order denying defendant's motion for judgment on the pleadings has no place in the transcript, and should be disregarded. (Hayne on New Trial and Appeal, sec. 265.) The plaintiffs did not prove any damage under the rule of damages prescribed by the Civil Code, secs. 3311, subd. 2, 3353.

FOOTE. C.—The plaintiffs brought this action to recover from the defendant $1,639.07, due upon an account for goods, wares, and merchandise sold by them to the defendant, and for money paid, laid out, and expended to her use, and for money advanced to her.

She answered, alleging, by way of defense, that she had made a contract with the plaintiffs, by which they agreed to purchase from her at a certain price per cord not less than two thousand, nor more than two thousand five hundred, cords of wood, to be delivered at a certain place within a certain time; that she agreed to receive as part pay for the same merchandise at the rate of thirty-five dollars upon the one hundred dollars' worth of wood delivered, and that she did receive such goods, wares, and merchandise in part pay for wood which she delivered, and not otherwise. And that although she complied with her contract, and delivered two thousand cords of wood subject to the plaintiffs' order at the time and place agreed upon, that they refused to take the wood, or pay for it, or comply with the contract. She further claims that by reason of their failure to comply with the contract, she has been damaged in the sum of three thousand dollars, for which, and costs, she asks judgment against them.

The plaintiffs had judgment for only a part of their claim, from which, and an order refusing a new trial, the defendant appeals.

Defendant claims, among other things, that the court

erred in refusing to grant her motion for judgment on the pleadings on what she denominated a cross-complaint, which the plaintiffs did not answer. But the alleged cause of cross-complaint was not pleaded as such. It is couched in this language: "And for a further and separate answer, the defendant files her cross-complaint, and alleges." A similar pleading was treated as an answer in *Shain* v. *Belvin*, 79 Cal. 262. No error was therefore committed in denying the motion.

It is further urged that an instruction given by the court was erroneous.

There is no bill of exceptions here to make it evident that any such instruction was ever given, nor does the statement show it.

The fact that the specification of "errors of law" at the end of the body of the statement recites that "the court erred in instructing the jury as follows," setting out the language of the alleged instruction, is not sufficient. It cannot be considered as evidence that the court granted any such instruction.

An unsigned letter was allowed to go to the jury on the part of the plaintiffs, which is claimed to have been improperly admitted in evidence, because it had no signature, and did not indicate either the place or the person from whom it emanated.

The proof was, that the defendant had agreed by a written contract to deliver to the plaintiffs the amount of wood, and at the price and place as set out in her answer, which the plaintiffs were to receive under certain conditions. She was to receive thirty-five dollars of the price of each hundred cords of wood in merchandise as part payment therefor, and that the debt for which she was sued was contracted by her under that contract; that she sent an order to plaintiffs to receive from another party, one Stokes, for her, by virtue and in fulfillment of her contract, fifteen hundred cords of wood; that the plaintiffs accepted the order, with the reserva-

tion that eight hundred dollars cash which had been already advanced by them to the defendant should be deducted from the price of the wood first received on the order, and applied to her account. Afterwards this written letter, forbidding them to take any of that wood, was received by them, and supposing it to be from Stokes, the owner of the fifteen hundred cords of wood, they did not take it.

There was evidence which went to show that their view of the matter was correct, and that the letter was written by an attorney at law for Stokes, and was intended to have the effect it did.

It is plain that this letter was therefore admissible as tending to show that the plaintiffs were not to blame for not taking the fifteen hundred cords of wood of Stokes, as part of the defendant's delivery of wood under her contract, and that she could not claim any damage from their failure to receive such wood.

It is also urged as error that the defendant, when a witness, was not allowed to answer the question, "What were you obliged to take for the wood?" the object being to show that she had lost the difference between the agreed price of the wood and the amount she was compelled afterward to sell it for, by reason of the plaintiffs' refusal to take it.

But even if this was erroneous, it was harmless, because she had already stated, without objection, that her loss was about $3,750, and that it was the difference between what she was to get for the wood from the plaintiffs and what she was at last obliged to take for it.

And the offer made after that, on her part, again to prove by herself that as to which she had just testified, as above stated, was properly refused by the court, for the reason above stated.

Perceiving no prejudicial error, we advise that the judgment and order be affirmed.

HAYNE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Fox, J., dissenting.—There was no error in denying defendant's motion for judgment on the pleadings, for the reasons stated in the commissioner's opinion. There was no cross-complaint, within the meaning of the statute, requiring an answer thereto. But defendant had pleaded, by way of new matter constituting a defense to plaintiffs' claim, the same matter that was attempted to be set up in that portion of the answer which defendant denominates a cross-complaint, and, as so pleaded, she had a right to prove it. If sustained by proof, it constituted a perfect defense against plaintiffs' cause of action. Upon the trial it was proved by both plaintiffs and defendant that they had entered into such a contract as was set up in the answer, to wit, a contract whereby the defendant agreed to sell and deliver to the plaintiffs at Tagus Switch a quantity of wood, not less than two thousand cords, and not more than two thousand five hundred cords, within twelve months from the date of said agreement, to wit, February 21, 1885; and plaintiffs agreed to purchase the same of her, and to pay therefor at the rate of $4.30 a cord for each and every cord delivered; $35 on account of each one hundred cords of wood she was to take in merchandise at the store of plaintiffs, and the balance was to be paid her in cash, one half payable one day after the wood should have been received by the Southern Pacific Railroad Company from the plaintiffs, and the other half within thirty days thereafter. It is also proved by the testimony of both parties, and entirely uncontradicted, that the defendant did deliver this wood to the extent of two thousand five hundred cords at Tagus Switch within the time prescribed in the contract, and that the same was unobjectionable as to quality. She had therefore complied with the terms of the contract on her part, and it became the duty of the plaintiffs to receive said wood as so delivered. Their

acceptance and receipt of the wood as delivered by her did not require them to pay for the same at the time of such acceptance, except as to the thirty-five dollars per hundred cords, which was to be paid in merchandise. By the terms of the agreement she could not demand of them anything on account of the cash payment until such time as and so fast as the said wood was received by the railroad company from the plaintiffs. The excuse made by plaintiffs for not receiving it was, that the railroad company was only willing to accept it from them and pay therefor in lots of from one hundred and fifty to two hundred cords each as they required it. This was not a valid excuse for their refusal to accept from defendant under the contract, but it was a sufficient excuse for the postponement of the making of cash payments for the same until accepted by the railroad company. Until such latter acceptance they were not bound to make any payment to the defendant, except to the extent of thirty-five dollars on each one hundred cords, payable in merchandise. If, however, she desired, and was permitted by them, to draw to a greater extent than this in merchandise from the store, it was manifestly to their advantage that she should do it, as they must be presumed to have been making their regular profit on the sale of their goods, and to the extent of such excess it reduced the balance which they would ultimately be called upon to pay plaintiff in money. There is no conflict in the testimony to the effect that whatever she did get at that store was purchased by her on account of said contract. If they had paid her in merchandise faster than they were required to do, I cannot see how that fact entitled them to judgment against her for or on account of such merchandise, so long as the balance of account under said contract remained, as it did, largely in her favor.

The court also erred in admitting in evidence the unsigned letter referred to in the opinion of the commissioners, and found in the record marked "Plaintiffs'

exhibit No. 4." There is no evidence in the record which does more than tend in some slight degree to show that Stokes at one time contemplated the propriety of sending such a letter, and that it was prepared pending consideration of that question. It was unsigned by any one. There is no evidence even tending to show that Stokes ever finally concluded to send it, or did send it, or authorized any person to do so. It was incompetent as evidence for any purpose in the cause, and its admission was prejudicial error affecting the rights of the defendant.

In my opinion, the judgment and order appealed from should be reversed, and the cause remanded for further proceedings, with leave to defendant to file a proper cross-complaint if she shall be so advised.

THORNTON, J., concurred with Mr. Justice Fox.

Rehearing denied.