SAMANTHA SULLIVAN, ADMINISTRATRIX OF CORNELIUS SULLIVAN, DECEASED, RESPONDENT, *v.* SALT LAKE CITY, APPELLANT.

NEGLIGENCE—EVIDENCE—RES GESTÆ—HARMLESS ERROR.

1. In an action by the administratrix to recover damages in consequence of the death of the intestate, caused by being crushed against a gravel bank, statements of a witness that

he had seen cars crushed against the bank before, or that it was a common occurrence, was not admissible to prove negligence on the part of the defendant. But proof that deceased knew of such occurrences was admissible under the allegations of want of due care on his part.

2. Evidence of former acts of negligence erroneously admitted for the defendant will not be regarded as reversible error if similar evidence is afterwards admitted for the defendant, on the question of want of due care on the part of plaintiff.

3. The deceased having been crushed against a gravel bank, from the effects of which he soon after died, what he said about it while an attempt was being made to remove him from the place where he was crushed, and within two or three minutes after the injury, *held* to be part of the res gestæ.

(No. 630.   Decided, March 26, 1896.   44 P. R. 1039.)

Appeal from the district court of the Third judicial district, Territory of Utah.   Hon. S. A. Merritt, *Judge.*

Action by Samantha Sullivan, administratrix of Cornelius Sullivan, deceased, against Salt Lake City for damages sustained by the death of plaintiff's husband while in the employ of defendant. From a judgment for plaintiff defendant appeals. *Affirmed.*

*E. D. Hoge* and *W. G. Van Horne,* for appellant.

Evidence of specific acts of negligence or carelessness on other occasions than the one in question, are not admissible.   Black, Proof and Pleading in accident cases, Secs. 45 and 46; *Parker* v. *Portland Pub. Co.,* 69 Me. 173; *Robinson* v. *Fitchburg R. R. Co.,* 7 Gray 92.

Nor can the proof of a custom be adduced to show negligence.   Black, Proof and Pleading in accident cases, Sec. 37; *Gulf, etc., Ry. Co. vs. Evanick,* 61 Tex. 3.

In the case of injury to a child playing on a railroad company's turn-table, the custom of other companies to

keep their turn-tables locked does not make the first company negligent.   Black, Proof and Pleading, etc., Sec. 38; *Mason* v. *Missouri Pacific R. R. Co.*, 27 Kan. 83.

Neither is it competent to show, in an action for damages from a fall on ice which had formed on a street crossing from the water attachments, that it is the custom among street sprinklers not to visit their pipes after the close of the season until the opening of the next.   *Crocker* v. *Scheweman*, 7 Mo. App. 358; *Michigan Cent. R. R. Co.* v. *Coleman*, 28 Mich. 440.

The complaint alleged negligence on the part of the defendant; defendant specifically denied all the allegations of negligence alleged in the complaint; pleads certain facts and then charges the deceased with carelessness and negligence.

This answer in no way changes the issue or shifts the burden of proof to the plaintiff.   The issues were, simply, was the deceased free from negligence, and was the defendant city negligent?   It does not follow, conceding that deceased was without fault, that the defendant was liable.

*Powers & Straup*, for respondent.

Similar acts of negligence have been held admissible for the purpose of proving a negligent habit.   *Grand Trunk Railway Co.* v. *Richardson*, 91 U. S. 454; *Davidson* v. *St. Paul R. R. Co.*, 34 Minn. 51; *Butcher* v. *R. R. Co.*, 67 Cal. 518; *Dist. Columbia* v. *Armes*, 107 U. S. 519; *Bower* v. *Chicago R. R. Co.*, 19 Am. & Eng. R. R. C. 301; *Parkinson* v. *Nashua, etc.*, 61 N. H. 416; *State* v. *Railroad*, 52 N. H. 528; *M. & P. R. R. Co.* v. *Neiswanger*, 39 Am. & Eng. R. R. C. 471.

The evidence if not competent was not prejudicial and not reversible error.   34 Am. & Eng. R. R. C. 456.

The evidence was more favorable to appellant than to respondent. For if appellant had been in the habit of jamming the cars back in the dirt as described by witness, then it may be presumed or inferred that deceased knew of it, and he was therefore called upon to use more care under the circumstances than he would otherwise be required to do. Appellant cannot be heard to complain of the admission of evidence in its favor.

The instruction given to the jury by the trial court should be considered altogether, and even though detached parts of the instruction may appear erroneous, yet, if the charge considered altogether correctly presents the law, it will not be considered erroneous. *Hamer* v. *National Bank*, 9 Utab 215, and cases there cited; *Baltimore R. R.* v. *Makey*, 157 W. S. 72.

Appellant should not be heard to complain of the refusal to give a request presented by it that was so illegible that the court could not read it.

ZANE, C. J.:

This suit was brought by Samantha Sullivan, administratrix of the estate of the late Cornelius Sullivan, to recover damages in consequence of the death of the latter, caused, as alleged, by the negligence of the defendant. The deceased was employed by the defendant at the time of the injury complained of, and had just finished loading a car with gravel, when defendant's engineer, without any warning to deceased, as alleged, ran an engine back against it, and crushed him against the bank of the gravel pit, so that he soon after died. In its answer the city denied the negligent acts averred in the complaint, and alleged contributory negligence on the part of the plaintiff.

In the examination of a witness the following questions were asked by the plaintiff, and answered by the witness,

against the objection of the defendant: "Was it the custom to jam the cars back in that way? Had you ever seen it done before?" The witness answered: "Oh, it was done many times,—common occurrence." To the overruling of the objections the defendant excepted, and assigns it as error. The complaint charges that negligence of the defendant at the time of the injury caused the death of Sullivan. The plaintiff could not rely on negligent acts before that time, or upon a custom. Defendant was not liable for past neglect from which no injury resulted, or for habitual negligence. And the fact that the witness had seen cars jammed back against the bank before the time of the injury, or that he knew it was a common occurrence, was not admissible to prove negligence by the defendant. *Jenkins* v. *Irrigation Co.* (decided at the present term), 44 Pac. 829; *Parker* v. *Publishing Co.*, 69 Me. 173; *Railway Co.* v. *Evansich*, 61 Tex. 3. Evidence that cars have often been run back in the same way against the bank, and that it was a common occurrence, to the knowledge of the deceased, would have been relevant and admissible, however, on the issue of contributory negligence, to aid the jury in determining the degree of care the deceased was using at the time he was injured. A man is required to use more care in a place he knows to be dangerous than in one he does not. He must be judged by what he knows, or by what he ought to know as a reasonable man. *Pennsylvania Co.* v. *Stoelke*, 104 Ill. 201. And it would have been proper for the plaintiff to offer evidence in rebuttal of such evidence by the defendant. In cross-examination of the same witness the defendant asked: "Was it usual, in coupling, for the cars to run back against that bank? Answer. Yes, sir; they backed right up. Q. You knew that, didn't you? A. Yes, sir. Q. Didn't everybody else know it that was there? A. I suppose they did. Q.

Could they have helped knowing it? A. No, sir; I don't think they could." On cross-examination the witness was asked whether the cars were not often run back against the bank in coupling them,—whether that was not usual; and the witness having answered that it was, counsel for the defendant went further than plaintiff, and asked whether every one who worked there did not know that, and received an answer that they must have known it. This was offered and admitted to show the jury that deceased knowingly went into a place of danger, and it was offered in view of other evidence tending to prove that it was unnecessary to go there at the time. In view of the foregoing evidence and considerations, we are of the opinion that the jury was not misled by the ruling of the court, objected to above, and assigned as error. In all probability the verdict of the jury would not have been different if the court had ruled otherwise on plaintiff's objection. We do not regard such ruling as reversible error.

The defendant assigns as error the refusal of the court to strike out the following testimony: The witness Phillips testified: "Myself and Robert Smith picked up Sullivan after he was hurt. He said, 'My God, don't pull me so. (I was pulling him, trying to get him out of there.) You hurt me.' He said he never had any warning; did not know anything of it. He said, 'My God, it came unawares to me. I did not hear anything until it struck me.'" The witness further testified: "He made these remarks not over two or three minutes after the car struck him. It was just as soon as we got the car loosened from him." Maloney, a witness called by defendant, said he was foreman. "It could not have been much more than a second until I got to Sullivan. I had been forty or fifty feet away. His cries and shouting first attracted my attention. When I got to him I found him

laying—at least standing up—laying over the bank on the south end of the track." The testimony could not be confined to the blow that killed Sullivan. The movement of the car that released him, and the pulling him out of the place where he had been fastened by the car, that immediately followed, and the expressions of the deceased attending these acts, were a part of the *res gestœ,* and therefore admissible.    *People* v. *Kessler,* 13 Utah 69.

The court stated to the charge of the jury:  "I instruct you that the defense in this case is contributory negligence upon the part of Cornelius Sullivan; in other words, that he was guilty of negligence which directly contributed to the injury from which he died." The court said it was an affirmative defense, and must be proven by a preponderance of the evidence.  To this portion of the charge the defendant excepted, and has assigned it as error.  Without qualification or explanation, the jury would have understood that the acts of negligence averred in the complaint were not in issue.  But we must consider the entire charge together.  The court further charged that, if a preponderance of the evidence showed that defendant failed to give reasonable warning to the deceased of the movement of the car, the jury should find for plaintiff, unless the evidence showed that he was guilty of contributory negligence.  The court appeared to presume that the jury would know that the negligence alleged by the plaintiff must be proven by a preponderance of the evidence without much explanation by the court, and directed its attention more particularly to the other issue,—that of contributory negligence.  The contention appears to have been mainly upon the latter issue. While the charge relating to the alleged negligence of the defendant was not as clear as it might have been made, we are of the opinion that the jury understood it.  The

refused requests related to the issue as to contributory negligence of the deceased, not to the negligence of the city. The law bearing on contributory negligence applicable to the case was clearly stated by the court, and the refusal of the requests asked was not error. We find no reversible error in this record. The judgment of the court below is affirmed.

MINER, J., concurs.    BARTCH, J., concurs in the conclusion reached.