[L. A. No. 2738. Department One.—January 25, 1912.]

## GRACE GILBERT, Respondent, v. GEORGE H. PECK, Appellant.

APPEAL—REVIEW OF INSTRUCTIONS—FAILURE TO EMBODY IN BILL OF EXCEPTIONS.—The refusal of the trial court to give certain instructions to the jury will not be reviewed on appeal, where there is no reference to the instructions in question in the substantive or narrative part of the bill of exceptions, all that appearing therein being a series of declarations, in the specification of errors, to the effect that "the court erred in refusing to give the jury" certain instruction identified by number and quoted at length. Such a record affords no evidence that the instructions in question were requested or refused.

LANDLORD AND TENANT—USE OF PREMISES FOR PURPOSES OF PROSTITUTION—SUMMARY REMOVAL—CESSATION OF IMMORAL USE.—A landlord is not justified in summarily removing his tenant's personal property from the demised premises on the ground that she was using them for purposes of prostitution and that they thereby constituted a nuisance, if at the time of such removal the previous use of the premises for such purposes had ceased and they were no longer being so used. Such a removal is at the risk of the landlord, and he is liable for the destruction of the property by fire as the result thereof.

ID.—INSTRUCTION—FACT ASSUMED IN INSTRUCTIONS.—In the present case it is held that the record shows that the court was fully justified in stating to the jury as an undisputed fact that at the time of the removal of the plaintiff's goods she was no longer using the demised premises for purposes of prostitution.

ID.—PAST IMMORAL USE OF PREMISES—TERMINATION OF TENANT'S RIGHT OF POSSESSION—FORCIBLE ENTRY.—The past unlawful use of the demised premises did not, in the absence of notice, demand, or other action on the part of the lessor, evidencing an intent to claim a forfeiture, terminate the tenant's right of possession so as to justify a forcible entry and invasion of her property rights during the term of the hiring.

ID.—ACTION FOR CONVERSION—REMEDY FOR FORCIBLE ENTRY AND DE-TAINER NOT EXCLUSIVE—PLEADING.—The tenant may maintain an action for the conversion of the personal property so wrongfully removed by the landlord, and is not restricted to the remedy afforded by an action under the forcible entry and detainer provisions of the Code of Civil Procedure. Where the complaint states a good cause of action to recover damages for such conversion, the fact that there were also allegations which would have warranted such summary proceeding, does not bar the right to recover damages.

ID.—FACTS WARRANTING PUNITIVE DAMAGES.—In an action to recover for such conversion, the plaintiff is entitled to punitive damages, where the evidence shows that the plaintiff, notwithstanding repeated demands, was unable to obtain prompt restitution of the property converted, and was put off from time to time by mere pretexts, and that the defendant, after surrendering the possession of certain other valuables belonging to the plaintiff, which were taken by him at the time of the conversion of the property sued for, caused them to be attached on an alleged demand against the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Miner P. Goodrich, and Frank Karr, for Appellant.

W. A. Alderson, for Respondent.

SLOSS, J.—The action was brought against four defendants to recover damages for the unlawful taking and withholding of personal property belonging to the plaintiff. At the trial there was a dismissal as to all the defendants except George H. Peck. The plaintiff had a verdict against him in the sum of twenty-two hundred dollars. From the judgment

entered on this verdict and from an order denying his motion for a new trial Peck appeals.

It appears in the record, without dispute, that in April, 1909, Peck, who was the owner of a three-story building in San Pedro, rented the third floor and a part of the second floor of the building to plaintiff at a monthly rental of seventy-five dollars. The tenancy was from month to month, running from the first to the last day of each calendar month. Plaintiff went into possession, and remained in possession until August, 1909. The rent for May and June was paid by her. She had, in the premises, a piano and certain furniture, as well as some jewelry and a certificate of deposit for five thousand dollars. On the thirteenth day of August, while the plaintiff was absent from San Pedro, and the premises were unoccupied, the defendant Peck, through his agents, entered the premises and removed therefrom the personal property above described. The furniture and piano were stored in a warehouse where, some days later, they were destroyed by fire. The jewelry and the certificate of deposit were ultimately restored to the plaintiff.

By her amended complaint the plaintiff alleged that the defendant, notwithstanding a demand for the return of the property, refused to return the same. She also charged oppression and malice, as a foundation for a claim for punitive damages. The jury returned, in addition to its general verdict, a special finding that the value of the furniture and the piano destroyed by fire was twelve hundred dollars, leaving the balance of one thousand dollars to be accounted for as punitive damages.

The defense was based on the ground that the plaintiff was using the premises as a house of prostitution. That she had so used them for a time was admitted. It was and is claimed by the appellant that such use of his property constituted a nuisance which he had a right to abate by taking possession of the rented premises and removing the plaintiff's property therefrom. Among the errors assigned is the refusal of the trial court to give to the jury various instructions embodying this theory. But such alleged refusal cannot be considered here. There is no reference to the instructions in question in the substantive or narrative part of the bill. All that appears is a series of declarations, in the specification of errors, to the

effect that "the court erred in refusing to give the jury in-
struction II (and other numbers) offered on behalf of defend-
ant, as follows:" (quoting the alleged instruction). Such a
record does not afford evidence that the instructions in ques-
tion were requested or refused. (*Goldman* v. *Bashore,* 80 Cal.
146, [22 Pac. 82]; *Ferrier* v. *Ferrier,* 64 Cal. 23, [27 Pac.
960]; *Estate of Higgins,* 156 Cal. 257, [104 Pac. 6].)

But this somewhat technical consideration is of no great
importance here, since the propositions of law underlying the
instructions claimed to have been refused are presented for
decision on the defendant's exceptions to instructions shown
to have been given by the court. Instruction IV was as fol-
lows: "It appearing without dispute here that at the time
of the removal of plaintiff's property therefrom, the premises
were not used for the purposes which she admits she had
theretofore used them, there was not, then, at the time of such
removal, in existence a nuisance which could justify the de-
fendant or his agent in summarily removing plaintiff's prop-
erty from the premises." If the facts were as stated by the
court, we think there can be no criticism of the rule of law
declared. The mere occupancy of the premises by the plaintiff
and the presence therein of her household effects did not con-
stitute a nuisance. The nuisance, if there was one, was created
by the use of the premises for immoral purposes. When that
use ceased there was no longer any ground for claiming that a
nuisance was being maintained. Whether or not the past mis-
conduct of the plaintiff would have authorized the defendant
to terminate the tenancy by proper legal procedure is a ques-
tion not presented here. No such attempt was made. A notice
to quit was served on plaintiff on July 7th, long before the
defendant, as he claims, had any knowledge of the use to which
the premises were being put. It was not put upon the ground
of such use. As a notice of intention to terminate the lease,
under either section 789 or section 1946 of the Civil Code, it
was served too late to bring the plaintiff's tenancy to an end
prior to the time of the entry complained of.

The record shows that the court was fully justified in stating
as an undisputed fact that at the time of the removal of
plaintiff's goods she was no longer using the premises for pur-
poses of prostitution. It appeared that she had gone into
possession in April, 1909. That she at once commenced to

maintain a house of ill-fame was admitted. In August, 1909, she began to make preparations to move to Coalinga, where she intended to open a similar establishment. On August 3, 1909, she went to Coalinga to secure a location, returning on the 6th. During this absence she left a maid and one other person in charge of the premises. On the 9th she again departed for Coalinga, and on this occasion left the premises unoccupied, locking the door. They were so unoccupied until the 13th, when the defendant's agents entered and removed the plaintiff's property. These facts being uncontradicted, it appeared that, at the time of the taking of her property, the plaintiff had discontinued her unlawful use of the premises, and it necessarily followed, as declared by the court, that the defendant was not justified in removing her effects. Such removal was at his risk, and the destruction of the goods by fire threw the loss upon him.

Complaint is made of instruction II, in which the court told the jury, among other things, that plaintiff's use of the premises for immoral purposes terminated her possession under the lease, and rendered her a tenant at will. It may be questioned whether this was an entirely accurate definition of her *status*. But in view of the established fact that the unlawful use of the premises had ceased, the instruction cannot have been prejudicial to the appellant. The past unlawful use of the premises did not in the absence of notice, demand, or other action on the part of the lessor evidencing an intent to claim a forfeiture, terminate the tenant's right of possession so as to justify a forcible entry and invasion of her property rights during the term of the hiring. (*Almy* v. *Greene*, 13 R. I. 350; 18 Am. & Eng. Ency. of Law, 2d ed., pp. 379, 380.) If she was rightfully in possession it is not material whether she was correctly described as a tenant at will. Instruction II further declared that plaintiff's use of the premises for immoral purposes would not justify the defendant in going upon the premises during plaintiff's temporary absence and removing her effects therefrom. If this declaration referred to an unlawful use which had ceased at the time of the entry, we think, for the reasons above stated, that the court was right. If, on the other hand, the court was undertaking to declare the rights of the parties during the actual period of an immoral use of the premises, the instruction, if erroneous, cannot have had any

effect here, since the fact was, as the court in instruction IV declared, that such use no longer existed at the time of the entry.

The defendant objected to the introduction of any evidence on the ground that plaintiff's exclusive remedy was by an action under the forcible entry and detainer provisions of the Code of Civil Procedure. (Sec. 1159 et seq.) The objection was properly overruled. The complaint stated a good cause of action for the conversion of personal property. If there were also allegations of facts which would have warranted a summary proceeding under the code sections referred to, this would not bar the plaintiff of her right to maintain an ordinary action for damages. The code itself does not undertake to make the forcible entry proceeding the exclusive remedy where facts showing a cause of action independent of the code provisions are alleged, and we are cited to no authority supporting appellant's claim in this regard. *Walker* v. *Chanslor,* 153 Cal. 118, [126 Am. St. Rep. 61, 17 L. R. A. (N. S.) 455, 94 Pac. 606], relied on by appellant, merely holds that where the owner of real property, having the right of possession, makes a forcible entry expelling the person in wrongful possession without using more force than is necessary, the wrongful occupant cannot maintain an action of trespass, but is limited to his remedy under the statute for making forcible entry. (See, also, *Canavan* v. *Gray,* 64 Cal. 5, [27 Pac. 788] ; *Burnham* v. *Stone,* 101 Cal. 165, [35 Pac. 627].) This is based upon the ground that at common law the person so ousted had no right of action at all, and the statute gives him no new rights beyond those embraced in its terms. The doctrine has no application to an action brought by one in rightful possession. The complaint here alleged that plaintiff was entitled to the possession of the premises, and the objection to the reception of evidence in support of her claim for damages occasioned by an invasion of her right of property was without merit.

The testimony regarding the value of the property destroyed was conflicting. Without reciting it, we may say that there was substantial evidence to sustain the finding of the jury that the goods were worth twelve hundred dollars.

The award of punitive damages was also justified by the evidence. The plaintiff, notwithstanding repeated demands, was unable to obtain prompt restitution of her property. She

was put off from time to time with excuses which the jury may well have viewed as mere pretexts. The defendant made no claim of any right to retain the jewelry and the certificate of deposit, but did not surrender these articles until October. In that month plaintiff sought the aid of the district attorney, who communicated with the defendant. The latter then deposited the certificate and the jewels in a bank, where he caused them to be attached on an alleged demand against the plaintiff. These circumstances, together with other matters which appear in the record, were ample to authorize the jury to infer that the defendant, in taking and retaining the property, was actuated by a spirit of malice and was seeking, not merely to enforce his rights, but to oppress the plaintiff. There is no merit in the point that because no actual damages were recovered for the taking of the jewelry and the certificate, there could be no exemplary damages. The argument assumes that the exemplary damages were based on the taking of these items alone. But the taking of all the property was, as the jury may well have concluded, a single transaction, and the fact that part of it was returned does not prevent a recovery for exemplary damages in addition to the value of the part lost to plaintiff. Besides, the conduct of defendant with reference to the jewelry and the certificate might properly have been regarded by the jury as indicating the motive and spirit which actuated his taking of the other property. We see no error in the instructions on the subject of exemplary damages, and there is no ground for holding that the award was excessive.

The alleged errors in overruling objections to offered evidence were unimportant. They could not have worked any substantial injury to the appellant.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Angellotti, J., concurred.