ROMNEY v. COVEY GARAGE et al.

No. 6243.   Decided March 25, 1941.   (111 P. 2d 545.)

168

*Stewart, Stewart & Parkinson* and *Edwin B. Cannon,* all of Salt Lake City, for appellant.

*Judd, Ray, Quinney & Nebeker,* of Salt Lake City, for respondent.

WOLFE, Justice.

This is an appeal from a judgment of the District Court sitting without a jury awarding damages to respondent (plaintiff below) for injuries to his car which was stolen from appellant's (defendant's) garage and wrecked by thieves.

On April 30, 1938, respondent left his automobile at appellant's garage to be stored for the night. As was his custom, and the custom of the Garage, his keys were left in his car and it was parked in the Garage by an employee of appellant. Three employee-attendants were on duty at the Garage that evening. None of them observed anyone enter the part of the Garage where cars were stored.. Shortly after respondent's car had been parked in the Garage, the attendants observed the car being driven from the Garage by two strange men. One of the employees gave chase and followed the car until it was wrecked by the thieves driving it.

In his complaint respondent alleged his bailment to appellant, that appellant was negligent in failing to keep the car safe, that the car was damaged, and that the damage to the car was "the proximate result of said negligence of the defendant."

Appellant was a bailee for hire and was therefore bound to exercise the degree of care to protect property bailed to him which an ordinary prudent man under similar circumstances would exercise toward his own

property. See many cases collected in annotations in 15 A. L. R. 682, 42 A. L. R. 135, and 65 A. L. R. 431.

The courts have not been in agreement as to the legal principles to be applied in cases of this type. Courts generally agree in the proposition that the ultimate burden of proof, i. e., the risk of non-persuasion, rests at all times with plaintiff (bailor). 26 A. L. R. 232, 48 A. L. R. 384. But these courts divide sharply as to what proof on the part of bailor is sufficient to sustain his burden of proof. While courts generally agree that proof of (1) bailment and (2) failure to return or damage to the bailed chattels makes a prima facie case for bailor upon which he may recover in the absence of proof by bailee, the courts have taken various views regarding the proof by bailee necessary to overcome bailor's prima facie case.

A majority of the cases hold that in an action ex delicto if bailee, to meet bailor's prima facie case, proves that the bailed chattels were damaged or destroyed by fire or theft or other cause which on its face does not disclose negligence by bailee and is not inconsistent with due care on his part, bailee has overcome the presumption of bailor's prima facie case and the burden of going forward reverts to bailor to prove specific acts of negligence by bailee. *Swain* v. *Twin City Motor Co., Inc.*, 207 N. C. 755, 178 S. E. 560; *Firestone Tire & Rubber Co.* v. *Pacific Transfer Co.*, 120 Wash. 665, 208 P. 55, 26 A. L. R. 217; *Stone* v. *Case*, 34 Okl. 5, 124 P. 960, 43 L. R. A., N. S., 1168; *Glover* v. *Spraker*, 50 Idaho 16, 292 P. 613; *Homan* v. *Burkhart*, 108 Cal. App. 363, 291 P. 624; *Perera* v. *Panama-Pacific Int. Exp. Co.*, 179 Cal. 63, 175 P. 454; *Scott* v. *Columbia Compress Co.*, 157 Ark. 521, 249 S. W. 13; 3 R. C. L. 151; 27 R. C. L. 1002. In such situations failure by bailor to prove specific acts of negligence by bailee precludes recovery as a matter of law. *Swain* v. *Twin City Motor Co., Inc.*, supra.

But, on the other hand there are numerous cases which hold that, after bailor proves the bailment and the damage or loss, the burden is on bailee to show that the damage or

loss was not due to his negligence and he stands the risk of non-persuasion on this point. *Miles* v. *International Hotel Co.*, 289 Ill. 320, 124 N. E. 599; *Employers' Fire Ins. Co.* v. *Consolidated Garage & Sales Co.*, 85 Ind. App. 674, 155 N. E. 533; *Baione* v. *Healey*, 103 Pa. Super. 529, 158 A. 181; *Steenson* v. *Flour City Fuel & Transfer Co.*, 144 Minn. 375, 175 N. W. 681; *Hoel* v. *Flour City Fuel & Transfer Co.*, 144 Minn. 280, 175 N. W. 300; *Wendt* v. *Sley System Garages, Inc.*, 124 Pa. Super. 224, 188 A. 624; *Mee* v. *Sley System Garages, Inc.*, 124 Pa. Super. 230 188 A. 626; *Kleenan Hotel Co.* v. *Funk*, 93 Ind. App. 677, 177 N. E. 364; *Harding* v. *Shapiro*, 165 Minn. 248, 206 N. W. 168; Berry on Automobiles, 6th Ed., Vol. 2, p. 1328, Sec. 1628.

We believe that the views expressed in the latter group of cases more nearly express the proper rule of law and accord more nearly with justice and reality in motor vehicle bailment situations.

The principles which apply are in the nature of those which are involved in the doctrine of res ipsa loquitur. In fact this doctrine has been by some authorities mentioned as applicable. While the doctrine of res ipsa loquitur is applied in those cases where it would be quite unlikely that the accident would have happened but for the negligence of him who was charged with supervision and control of the instrumentality up to the time of the event, yet in cases of bailment for service, care, for guarding the chattel, the assumption may be indulged that theft or fire would not ordinarily occur but for negligence. At least the policy of the law demands that he who had the goods under his care explain satisfactorily why they were stolen or damaged just as the doctrine of res ipsa loquitur demands that he who had control satisfactorily explain the reason for the accident. And unless in law it can be said that the explanation is satisfactory the question of whether the bailee is or is not negligent is a jury question.

That the question was for the jury where it could not be said as a matter of law that the explanation for the mishap was so satisfactory or complete as to overcome the inference negligence of which the event bespeaks was recently held by this court in *White* v. *Pinney,* 108 P. 2d 249.

This holding puts negligence in ex delicto bailment cases and negligence in other tort cases on a parity. Moreover, it brings the ex-contractu action for breach of the contract of bailment because of loss or damage in line with the action for negligence for such loss or damage. There is no real reason why the form of action should materially change the remedy or fasten on the plaintiff a greater burden in one case than in the other. If the law is otherwise, holdings which will bring it in accord with this policy are overdue.

The law is a "function of civilization, and if civilization is a dynamic phenomenon in constant flux, it follows that for sociological jurisprudence the law cannot be envisaged as a system of immutable concepts, but as a fluid reality subject to a force of change and growth, and legal rules must therefore be formulated in terms of their end or function." Cardozo's Doctrine of Sociological Jurisprudence. M. J. Aronson, Journal Social Philosophy, Vol. 4, Oct. 1938.

Thus in determining the fact of negligence the jury may consider the inference raised by the fact that the car was stolen while under the bailee's care; that it occurred by reason of negligence; just as it may also consider evidence showing freedom from negligence. ■■ If in considering the evidence on both sides the jury is not persuaded that negligence by bailee either did or did not exist, then it must find for bailee (defendant), because on bailor (plaintiff) rests the burden of proving negligence. But the question is a factual one for the jury unless there is uncontradicted, positive and competent evidence one way or the other that negligence did or did not exist which would enable the court to direct a verdict.

The facts of the instant case show that respondent's car was bailed to appellant, that it was stolen and damaged by

thieves, that the theft occurred while certain employees of appellant were on duty. From these facts an inference could be drawn that appellant was negligent in allowing the theft to occur.

To overcome this inference there was little or no positive evidence as to what precautions, if any, were taken by appellants to prevent such thefts. Appellant relies primarily on the inference of freedom from negligence which might be drawn from the evidence that the automobile was stolen by strangers. Thus the matter was submitted to the fact finder who found that appellant had been negligent in allowing the theft to occur. We cannot say that there was evidence which, as a matter of law, proved appellant not to have been negligent, therefore we must affirm.

Appellant also seeks a reversal of this case on the ground that the trial court erred in admitting certain testimony of a Mr. Squires who testified that he had left his automobile at appellant's garage some two months before the happening of the events giving rise to this suit and at that time his automobile had been stolen from the garage. Such testimony was clearly inadmissible. See, *Sullivan* v. *Salt Lake,* 13 Utah 122, 44 P. 1039; *Konold* v. *R. Co.,* 21 Utah 379, 60 P. 1021, 81 Am. St. Rep. 693; 1 Wigmore on Evidence, 3rd Ed., Sec. 199. But in view of the other evidence adduced, together with the fact that the case was tried to the court without a jury, we do not feel that the error committed in admitting testimony of a prior theft was such as to require a reversal upon appeal. The testimony of the prior theft merely recited the fact that the car was left there and that when the owner came for it he was informed that it had been stolen. It could, therefore, have had little, if any, effect on the trial court in determining the issue of negligence in the main case.

We find the other alleged errors assigned by appellant to be unsubstantial and, therefore, do not discuss them.

Judgment affirmed. Costs to respondents.

LARSON, McDONOUGH, and PRATT, JJ., concur.

MOFFAT, C. J., concurs in the result.