372 P.2d 1

G. L. HACKETT & COMPANY, a corporation, Plaintiff and Respondent,

v.

THOMPSON FLYING SERVICE OF SALT LAKE CITY, INC., Defendant and Appellant.

No. 9613.

Supreme Court of Utah.

June 12, 1962.

Ray R. Christensen, Christensen & Jensen, Salt Lake City, for appellant.

Edward M. Garrett, Hanson & Garrett, Salt Lake City, for respondent.

WADE, Chief Justice.

G. L. Hackett & Company, plaintiff and respondent herein, as assignee of the claim of Gary Brimhall, the owner of an airplane, brought this suit against the Thompson Flying Service of Salt Lake City, Inc., who is the appellant herein, to recover damages sustained by the airplane in a fire which occurred in a hangar in which it was placed by appellant. Respondent based

its suit on two causes for action, one for conversion and the other for negligence in allowing the airplane to be damaged by fire while it was in defendant's possession and exclusive control. The case was submitted to a jury upon instructions covering both theories. The jury found that defendant was not guilty of conversion of the airplane but found that defendant was negligent under the second count and granted damages. This appeal is from the judgment based on this verdict.

Respondent's theory that there was a conversion of the airplane was based on the assumption that a landlord-tenant relationship existed between the owner and appellant at the time of the fire and on the other hand, its theory that the damage caused was due to negligence was based on the assumption that a bailor-bailee relationship existed. The theories were mutually exclusive and the jury were so instructed.

The only testimony given at the trial was that of the owner. He testified he first obtained storage services from appellant for his airplane in 1958 when it was kept in appellant's large hangar with other planes. He indicated he desired a private hangar, and when one was available he was given a private hangar. At one time he kept his plane in a private hangar not belonging to appellant and when that became unavailable, he returned his plane to appellant's large hangar until there was again available a private hangar belonging to appellant. When he was assigned a private hangar he was given a key to such hangar. Under these circumstances he considered that he was renting the hangar. During all the times mentioned above whether the airplane was kept in the large or private hangars the charge for the facilities was the same, $30 per month.

The owner had become indebted to appellant for a substantial amount for repairs and for storage or rental fees and had been requested by its manager to make some payment. Sometime after such request, the owner went out to the hangar in which he had placed his airplane and found another airplane there. On the way to the office of appellant to inquire about his plane he saw that it was in the large hangar and therefore did not contact any employee of appellant in regard to its removal from the private hangar. He did not try to take out the plane, although no one had told him that he could not do so. Subsequently a fire which occurred in the large hangar caused the damage to his plane. There was no evidence as to how or why the fire occurred.

It is appellant's contention that the full thrust of respondent's testimony was to the effect that there was a landlord and tenant relationship, and therefore, the removal, without the consent of the owner, of the airplane from the private hangar was a

conversion of his property; that the import of such testimony was inconsistent with the theory that a bailor-bailee relationship existed, and therefore, respondent was estopped to rely upon the theory of negligence based on such a relationship. In support of this idea appellant cites United States Fire Insurance Co. v. Paramount Fur Service, Inc.[1] In that case one other than the original bailee of a fur coat was sued for negligence in the loss of that coat under pleadings from which it might have been found that the original bailee in placing the coat with the other, without the consent of the owner, had converted such coat. Had a conversion been found to have actually taken place then, that court argued, it would have been inconsistent to allow a recovery for negligence as a bailee. The basis for this reasoning being that the coat, having been converted by the original bailor, became his property and could not be the subject of a bailment by the original owner, because the converter would be the owner instead of the original owner. In the instant case, the very question to be determined was whether at the time of the fire, a landlord-tenant or bailor-bailee relationship existed between the owner and appellant. If a landlord-tenant relationship existed then its action in seizing the airplane and removing it may have been such an exercise of domin-

ion over it as to amount to a conversion,[2] and respondent would have been entitled to its value at the time of the taking. However, if the arrangement between the owner and appellant was that of bailor and bailee, and the airplane was merely being stored on premises operated by appellant for such purpose, then respondent could only recover damages in case of negligence.

It is clear from the owner's testimony that the original arrangement with appellant was for the storage of the plane for which he was charged $30 per month. That he expressed a preference for a private hangar and when one became available, he was given such a hangar, and later, when one was not available, it was stored again in appellant's large hangar until a private hangar again became available, and all these times the consideration was the same. Although the owner testified that he considered that he was renting the private hangar to which he was given a key, he also said he did not know whether appellant also had a key to the hangar. Appellant, in claiming an offset against any damages for which it might be found liable, averred that the owner owed it over $2,000 for storage and for maintenance and repairs. This was not denied by respondent. Appellant made no claim for any rent, although the owner testified that he was in arrears in his rent or storage charges.

1. United States Fire Ins. Co. v. Paramount Fur Service, Inc., 168 Ohio St. 431, 156 N.E.2d 121.

2. Gilbert v. Peck, 162 Cal. 54, 121 P. 315; 32 Am.Jur., Landlord and Tenant, Sec. 842, pages 717–18.

In view of the manner in which the arrangement between the appellant and the owner was originally entered and its purpose and the informal and ambiguous nature of their subsequent dealings with each other under the various circumstances in which the plane continued to be stored for the same consideration, the relationship of the parties was a question of fact. Such question was properly submitted to a jury for determination as to whether the private hangar was assigned to the owner for storage purposes and therefore the relationship of the parties continued to be that of bailor and bailee or whether the owner was renting the hangar and had the exclusive right to its possession.

The jury having found by its verdict that the relationship of the owner and appellant was that of bailor and bailee at the time of the fire, the evidence was sufficient to sustain the jury's verdict.[3]

Affirmed. Costs to respondent.

McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring in result).

Plaintiff, sole witness, said that some time before the fire, defendant, without authority, took his plane from a hangar he had leased, insisting there was a conversion. If that were so, a cause of action would have arisen at that time. The jury rejected the conversion idea, but concluded there was a compensated bailment. Its verdict was justified, not on any original arrangement or negotiations, but because of the fact that plaintiff, knowing of the removal, permitted defendant, for a consideration, to store it in the large, unleased hangar. So doing, it would appear that there was an assent to a bailor-bailee relationship in lieu of what plaintiff previously had considered to be a landlord-tenant relationship.

---

3. Romney v. Covey Garage, 100 Utah 167, 111 P.2d 545; Wyatt v. Baughman, 121 Utah 98, 239 P.2d 193.